UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re

POSEIDON POOL & SPA
RECREATIONAL, INC.,

        Debtor.

----------------------------------------------------------------x

ANDREW M. THALER, Trustee,
Estate of POSEIDON POOL & SPA
RECREATIONAL, INC.,

         Plaintiff,

   -against-

ESTATE OF VINCENT J. ARBORE, Deceased,
DIANE ARBORE, in her capacity as Executrix
of the Estate of Vincent J. Arbore, DIANE
ARBORE, ANN ARBORE, PETER ARBORE,
JAYVIN ARBORE, ALLISON ARBORE,
MICHAEL ARBORE, KATHERINE ARBORE,
ALAN ARBORE, JAMES ARBORE, ROSA
DINICOLO, and RITA CANNILLO,

         Defendants.

----------------------------------------------------------------x

Chapter 7
Case No. 805-87603-478

U.S. District Court
Case No.: 08CV3418 (ADS)

U.S. Bankruptcy Court
Adversary Proceeding
No. 806-8222-478

## PLAINTIFF-APPELLEE'S BRIEF ON APPEAL

THALER & GERTLER, LLP
*Attorneys for Plaintiff-Appellee*
90 Merrick Avenue, Suite 400
East Meadow, New York 11554
(516) 228-3553

# TABLE OF CONTENTS

Page No.

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Applicable Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case

    A.    The Bankruptcy Filing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    B.    The Adversary Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    C.    The Abore Estate's Answer and
           Counterclaims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    D.    The Redemption Agreement and
           Promissory Note . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    E.    The Indemnification Provisions . . . . . . . . . . . . . . . . . . . . . . . . 5
    F.    The Trustee's Motion to Dismiss
           the Counterclaims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    G.    The Bankruptcy Court's Decision and
           Order on the Trustee's Motion to
           Dismiss the Abore Estate's Counterclaims . . . . . . . . . . . . . . . 6
    H.    The Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Argument

    A.    The Note and Redemption Agreement are
           Unenforceable Against an Insolvent Debtor
           Pursuant to N.Y. Bus. Corp. §513(a) . . . . . . . . . . . . . . . . . . . . . 8
    B.    Appellants' Claims for Indemnification are
           Disallowed Under 11 U.S.C. §502(b)(1) . . . . . . . . . . . . . . . . . . 11
    C.    The Agreements Do Not Contemplate
           Indemnification of Attorney's Fees for the
           Matters for Which the Appellants Have
           Sought Recovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## TABLE OF AUTHORITIES

### Federal Cases

Page No.

Blair v. Bank One, N.A.,
307 B.R. 906 (N.D. Ill. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Bonnie & Co. Fashions v. Bankers Trust Co.,
955 F. Supp. 203 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-17

Deutsche Bank A.G. London Branch v. WorldCom, Inc.
(In re WorldCom, Inc.), 357 B.R. 223 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . 10

In re Dino & Artie's Automatic Transmission Co., Inc.,
68 B.R. 264 (S.D.N.Y. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In Re Flying Mailmen Service, Inc.,
539 F.2d 866 (2nd Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Jobs.com, Inc.
283 B.R. 209 (Bankr. N.D. Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

In re Moore,
354 B.R. 667 (Bankr. S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

In re Quigley Co., Inc.,
383 B.R. 19 (Bankr. S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Peoples' Democratic Republic of Yeman v. Good Pasture, Inc.,
782 F.2d 346 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Raleigh v. Illinois Dep't of Revenue,
530 U.S. 15 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Sorensen v. Drexel Burnham Lambert Group,
146 B.R. 92 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

United States v. Sanford (In re Sanford),
979 F.2d 1511 (11th Cir. Fla. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Page No.

Vista Eyecare, Inc. v. Neumann (In re Vista Eyecare, Inc.),
283 B.R. 613 (Bankr. N.D. Ga. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**State Cases**

Hooper Associates, Ltd. v. AGS Computers, Inc.,
74 N.Y.2d 487 (N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Nakano v. Nakano McGlone Nightingale Advertising, Inc.,
84 Misc.2d 905 (Sup. Ct., NY Co. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 15

**Federal Statutes**

11 U.S.C. 101(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

11 U.S.C. §502(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-13, 15-16

**State Statutes**

N.Y. Bus Corp. Law §513(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7-9, 12-16

N.Y. Debtor & Creditor Law §270 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

N.Y. Debtor & Creditor Law §275 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

N.Y. Debtor & Creditor Law §278 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## APPELLEE'S BRIEF

## ISSUES PRESENTED

Did the Bankruptcy Court err in finding that the Redemption Agreement, Note and Pledge Agreement were rendered unenforceable by operation of law as of the date the Debtor became insolvent, which was no later than the filing of the Debtor's Chapter 11 bankruptcy petition and continuously thereafter, such that any claim arising under a pre-petition indemnification provision in said Redemption Agreement and Note for attorneys' s fees and costs that were incurred post-petition were also rendered unenforceable against the Debtor and the Bankruptcy Estate?

## APPLICABLE STANDARD OF REVIEW

The Appellee adopts the Appellant's statement regarding the applicable standard of review.

## STATEMENT OF THE CASE

**A.    The Bankruptcy Filing**

Poseidon Pool & Spa Recreational, Inc., (the "Debtor") filed a Chapter 11 Bankruptcy Petition on October 7, 2005 (the "Filing Date").   On September 11, 2006, the case was converted to Chapter 7, effective September 15, 2006 (the "Conversion Date"). Andrew M. Thaler was appointed Chapter 7 Trustee for the Debtor's Estate (the "Trustee" or "Appellee").

**B.**     <u>The Adversary Proceeding</u>

This Adversary Proceeding was brought by the Trustee to recover various payments that Debtor made to the Estate of Vincent J. Arbore, Deceased (the "Arbore Estate" or "Appellant") pursuant to a Stock Redemption Agreement dated May 24, 2002 ("Redemption Agreement") and Promissory Note dated May 24, 2002 (the "Note").  As amended, the Complaint in the Adversary Proceeding contains four causes of action seeking to recover monies paid to the Appellant as fraudulent conveyances and/or violations of the New York Business Corporation Law, pursuant to New York Debtor & Creditor Law §§270, 275 and 278 and Business Corporation Law §513(a).

**C.**     <u>The Abore Estate's Answer and Counterclaims</u>

The Trustee filed his Second Amended Complaint against the Abore Estate pursuant to an Order of the Bankruptcy Court by Notice of Motion and Application dated June 18, 2007, Applicant moved for the Entry of an Order permitting him to file a Second  Amended Complaint to add the Arbore Defendants pursuant to Bankruptcy Rule 7015. An Order permitting the Trustee to file a Second Amended Complaint was "So Ordered" on September 14, 2007.  In response thereto, the Arbore Estate filed an Answer to Second Amended Complaint with Counterclaims dated October 2, 2007 (the "Answer").

The Abore Estate's Answer contains four counterclaims seeking affirmative recovery and/or set off against the Debtor for attorneys' fees and costs incurred by the Abore Estate in the Debtor's bankruptcy proceedings and this Adversary Proceeding, as

well as for attorneys' fees and costs incurred by the Abore Estate in defending an action entitled **Textron Financial Corporation v. Poseidon Pools & Spa Recreational, Inc., Timothy Greco, Christine Greco, Estate of Vincent Abore, Ann Abore and Joseph Gartner**, Supreme Court, Suffolk County, Index No.: 21113/2005 (the "Textron Litigation").

The Abore Estate's counterclaims seek contractual indemnification based upon provisions in the Redemption Agreement and Note, as well as common-law indemnification as follows:

First Counterclaim:

Contractual indemnification for any and all damages, including attorney's fees, sustained by the Defendants as a result of the Textron Litigation.

Second Counterclaim:

Common-law indemnification for any and all damages, including attorney's fees, sustained by the Defendants as a result of the Textron Litigation.

Third Counterclaim:

Contractual indemnification for any and all damages, including attorney's fees, sustained by the Defendants as a result of any State or Federal Court Action, including bankruptcy and this adversary proceeding.

Fourth Counterclaim:

Common-law indemnification for any and all damages, including attorney's fees, sustained by the Defendants as a result of any State or Federal Court Action, including bankruptcy and this adversary proceeding.

**D.**   <u>**The Redemption Agreement and Promissory Note**</u>

Up to and including May 24, 2002, Vincent J. Arbore ("Abore") was an employee, officer and a director of the Debtor.  On or about May 24, 2002, Arbore and the Debtor entered into the Redemption Agreement pursuant to which the Debtor agreed to redeem the ten (10) shares of its stock owned by Arbore.

The Redemption Agreement provided that the total purchase price for the Debtor's stock was $450,000.00,  $50,000.00 of which was paid by the Debtor to Arbore upon the execution of the Redemption Agreement.  The Redemption Agreement further provided that in exchange for the stock repurchase, Abore would resign as an officer, employee and director of the Debtor.

In conjunction with the Redemption Agreement, the Debtor executed the Note in the amount of $400,000.00 which was secured by the Debtor's stock pursuant to the Redemption Agreement and a Pledge and Stock Agreement executed by the parties. The Note provided that the Debtor would pay Arbore in installments of $6,500.00 per month at an interest rate of ten (10%) percent per annum, commencing on June 24, 2002 and ending no later than May 24, 2007.

Abore died in September of 2002, shortly after the execution of the Redemption Agreement and Note.  Although there was no final accounting of the probate of Arbore's Estate it is assumed that all of Abore's assets were distributed to his distributees and beneficiaries, to wit: Diane J. Arbore, Ann Arbore, Peter Arbore, Jayvin Arbore, Allison Arbore, Michael , Katherine Arbore, Alan Arbore, James Arbore, Rosa

DiNicolo and Rita Cannillo. (Abore's estate and his distributees and beneficiaries are hereinafter collectively referred to as the "Abore Estate").

Abore and later the Abore Estate received payments from the Debtor pursuant to the Redemption Agreement and Note from June 2002 through August 2005.

## E.     The Indemnification Provisions

The Redemption Agreement and Note each contained provisions whereby the Debtor agreed to indemnify Abore under certain circumstances for certain costs and expenses.  The Redemption Agreement, Paragraph 8.03(a), states:

> The Company and each Manager will defend and indemnify Seller and hold him harmless from and against, any and all Losses suffered, incurred or sustained by Seller, or to which he becomes subject, resulting from, arising out of, or relating to (i) any misrepresentation, breach of warranty or nonfulfillment or, or failure to perform, any covenant or agreement on the part of the Company or any Member contained in this Agreement, (ii) any breach of his or its representations, warranties, covenants or agreements hereunder or (iii) arising from Martinez vs. Poseidon Pool & Spa Recreational, Inc., Index Number 15707-01, Queens County, and the third-party action entitled Poseidon Pool & Spa Recreational, Inc. vs. Vincent Abore (the "Martinez Case").

Similarly, the Note provides in Paragraph 5 thereof:

> ...the undersigned [Timothy Greco, as president of Debtor] promises to pay all costs of collection, including reasonable attorneys' fees, and all expenses in connection with the protection or realization of the collateral securing this Note or the enforcement of any guaranty hereof incurred by the holder hereof on account of such collection, such costs and expenses will include all costs, expenses and reasonable attorneys' fees incurred by the holder hereof in connection with any insolvency, bankruptcy, arrangement or other similar proceedings involving the undersigned, or involving any endorser or guarantor hereof, which in anyway materially and adversely affects the exercise by the holder hereof of its rights and remedies under this Note or under any or other agreement securing,

guaranteeing or otherwise pertaining to this Note after giving effect to any applicable curative period which may be contained therein.

**F.**    **The Trustee's Motion to Dismiss the Counterclaims**

On December 11, 2007, the Trustee filed a motion to dismiss the Abore Estate's Counterclaims.  The gravamen of the Trustee's Motion was that the contractual indemnification claims (Defendants' First and Third Counterclaims) were barred as the Redemption Agreement and related Note upon which the claims were based were rendered void and unenforceable by operation of N.Y. Bus. Corp. Law §513(a).  Plaintiff further argued that the Defendants' Second and Fourth Counterclaims must be dismissed on the ground that under New York Law, there is no common-law indemnification for attorneys' fees absent a showing that the party seeking indemnification was compelled to pay due to vicarious liability for a tortfeasor's wrong, circumstances which are not applicable to the matter at bar.

The Abore Estate filed a Reply to the Trustee's Motion on January 11, 2008, and thereafter the parties each filed additional sets of papers as well as letters to the Court regarding the issue of the Debtor's insolvency.  Hearings were held by the Bankruptcy Court on the Trustee's Motion on March 11, 2008, May 15, 2008 and June 24, 2008.

**G.**    **The Bankruptcy Court's Decision and Order on the Trustee's Motion to Dismiss the Abore Estate's Counterclaims**

By Memorandum Decision and Order dated July 3, 2008, the Bankruptcy Court decided the Trustee's Motion to Dismiss the Abore Estate's Counterclaims as follows: (1) the Abore Estate's First and Third Counterclaims, which sought contractual

indemnification pursuant to a provision in the unenforceable Redemption Agreement, were dismissed with prejudice;  (2) the Abore Estate's Fourth Counterclaim, which sought common-law indemnification for attorneys' fees and damages arising out of the Debtor's bankruptcy and this adversary proceeding, was dismissed without prejudice; and (3) the issues underlying the Abore Estate's Second Counterclaim, which sought common-law indemnification for attorneys' fees and damages arising out of the Textron Litigation, was set down for an evidentiary hearing.

The Court found that the First and Third Counterclaims seeking contractual indemnification should be dismissed as the Redemption Agreement and Note were rendered unenforceable pursuant to the provisions of N.Y. Bus. Corp. §513(a), insofar as, for the purposes of the Motion, the Trustee established that the Debtor was insolvent as of the date the Chapter 11 Petition was filed, October 7, 2005.[1]  The Court further held that "the indemnification provisions in the agreements are not severable and do not survive the unenforceability of the agreements post-petition."

With regard to the Abore Estate's Second Counterclaim for common-law indemnification for fees and costs incurred in defending the Textron Litigation, the Court held that there must be a finding that the Debtor committed or is liable for any alleged forgery of Vincent Abore's or Anne Abore's signatures on certain guarantees.

---

[1]Although the date of the Debtor's insolvency was established for the purposes of the Trustee's Motion to Dismiss the Counterclaims as of the date of the filing of the Chapter 11 Petition, such showing was made without prejudice to the Trustee establishing that the Debtor was insolvent at some earlier time for the purposes of the main action.

The Court ordered that an evidentiary hearing be held on July 29, 2008, to determine the issues surrounding the Abore Estate's Second Counterclaim.[2]

The Court also dismissed the Abore Estate's Fourth Counterclaim seeking common-law indemnification for fees and costs incurred in connection with the bankruptcy and adversary proceeding, on the ground that the Abore Estate failed to identify any specific wrongdoing on the part of the Debtor which could form the basis for the relief requested.  The Fourth Counterclaim was dismissed without prejudice.

**H.**     **The Appeal**

On July 11, 2008, the Abore Estate filed the instant appeal, claiming that the Bankruptcy Court erred in finding that the indemnification provisions of the Redemption Agreement and Note were unenforceable as of the date the Debtor became insolvent pursuant to N.Y. Bus. Corp. §513(a).

**ARGUMENT**

**A.**     **The Note and Redemption Agreement**
     **Are Unenforceable Against an Insolvent**
     **Debtor Pursuant to N.Y. Bus. Corp. §513(a)**

Under N.Y. Bus Corp. Law §513(a):

> . . . the shares of a corporation may not be purchased by the corporation, or , if redeemable . . . may not be redeemed . . . for or into cash, other property, indebtedness or other securities of the corporation (other than shares of the corporation and rights to acquire such shares) if the corporation is then insolvent or would

---

[2]After filing its Notice of Appeal, the Abore Estate moved to stay all matters in the adversary proceeding pending the outcome of the appeal.  The Court granted a limited stay, and, as a result, the evidentiary hearing has not yet been held.

thereby be made insolvent.  Shares may be purchased or redeemed only out of surplus.

Thus, a redemption agreement, even if it is valid at the time of its execution, becomes unenforceable if the corporation becomes insolvent.  See Nakano v. Nakano McGlone Nightingale Advertising, Inc., 84 Misc.2d 905, 377 N.Y.S.2d 966 (Sup. Ct., NY Co. 1975); see also In Re Flying Mailmen Service, Inc., 539 F.2d 866 (2nd Cir. 1976).

In applying N.Y. Bus. Corp. §513(a) in bankruptcy cases, the Bankruptcy Courts have determined that separate agreements ancillary to stock redemption agreements are also unenforceable against an insolvent corporation.  See In Re Flying Mailmen Service, Inc., 402 F.2d 790 (2nd Cir. 1975) [security interest in assets of corporation given in connection with stock repurchase agreement is unenforceable]; In re Dino & Artie's Automatic Transmission Co., Inc., 68 B.R. 264 (S.D.N.Y. 1986) [promissory note and mortgages which secured stock repurchase agreement of debtor corporation are unenforceable].

In applying this law, the Bankruptcy Court correctly held that the indemnification provisions contained in the Redemption Agreement and Note "are not severable and do not survive the unenforceability of the agreements..."  Notably, the Appellants do not claim that the indemnification provisions survive the unenforceability of the Redemption Agreement and Note as a whole.  Rather, the Appellant suggests that N.Y. Bus. Corp. Law §513(a)  is "inapplicable since there was no purchase or redemption of shares during a period of insolvency of the Debtor..." (Appellant's Brief, Page 11).

However, the Appellant's position would force an insolvent corporation to make an illegal payment in order to have the agreement declared unenforceable and the payment recoverable. Not only is this argument illogical, but the Bankruptcy Courts have already found this very same argument to be meritless.

In <u>Deutsche Bank A.G. London Branch v. WorldCom, Inc.(In re WorldCom, Inc.)</u>, 357 B.R. 223 (S.D.N.Y. 2006), Deutsche Bank filed a claim for dividends declared by WorldCom which were never paid to its stockholders. In moving to dismiss the claims, WorldCom submitted a financial report showing that it was insolvent and, under applicable state law, was thus prohibited from paying a dividend to its stockholders. Deutsche Bank argued that the Georgia statute prohibiting dividends to be paid while a company was insolvent would only be effective if the dividend was actually paid. In responding to this argument, the District Court stated, as footnoted:

> It would lead to the perverse result that the statute only applies once an illegal dividend is paid, thus leaving a corporation with no defense to avoid paying an illegal dividend, but liable to creditors once it has paid. Instead, this statute takes effect when a corporation becomes insolvent, not simply after the corporation has made a distribution.

<u>Id.</u> 357 B.R. at 230.

Based on the foregoing, it is clear that the Redemption Agreement and Note, together with the indemnification provisions therein, are rendered unenforceable against the Debtor by reason of the Debtor's insolvency.

-10-

B.   **Appellants' Claims for Indemnification**
     **Are Disallowed under 11 U.S.C. §502(b)(1)**

The Appellants argue that the Bankruptcy Court failed to recognize that the indemnification provisions of the Redemption Agreement and Note give rise to a valid, pre-petition claim, regardless of when the Appellants actually incurred the attorneys' fees and costs for which they seek indemnification. The Appellants further claim that since the Trustee established insolvency for the purposes of the motion as of October 7, 2005, the date of the Chapter 11 filing date, and the Appellants' claims are pre-petition, the claims should not have been dismissed because the Note and Redemption Agreement only became unenforceable as of the date of the Debtor's insolvency.

It is undisputed that a claim for indemnification falls within the definition of 11 U.S.C. 101(5). However, as noted by the Court in <u>Sorensen v. Drexel Burnham Lambert Group</u>, 146 B.R. 92 (S.D.N.Y. 1992), "the fact that contingent claims are nevertheless 'claims' under §101(5)(a) does not mean that they cannot be disallowed under another specific subsection of the Code . . ." <u>Id.</u>, 146 B.R. at 96.

Indeed, 11 U.S.C. §502(b)(1) states that a claim against a debtor's estate will be allowed unless "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . ." Thus, when a claim is unenforceable due to an applicable State law, the claim will be disallowed in bankruptcy. <u>See</u> <u>In re Moore</u>, 354 B.R. 667 (Bankr. S.D.N.Y. 2006).

In fact, bankruptcy courts have found that claims made pursuant to stock repurchase agreements that are rendered unenforceable under applicable State law by

-11-

reason of the debtor's insolvency are disallowed in bankruptcy under 11 U.S.C. §502(b)(1).  In re Jobs.com, Inc. 283 B.R. 209, 221 (Bankr. N.D. Tex. 2002); Vista Eyecare, Inc. v. Neumann (In re Vista Eyecare, Inc.), 283 B.R. 613 (Bankr. N.D. Ga. 2002).

Basically, the rule is that "a claim against the bankruptcy estate will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy."  United States v. Sanford (In re Sanford), 979 F.2d 1511, 1513 (11th Cir. Fla. 1992).

The Appellant relies on In re Quigley Co., Inc., 383 B.R. 19 (Bankr. S.D.N.Y. 2008), a case dealing with the voting rights of individuals with potential asbestos-related personal injury claims in a Chapter 11 case.  These claims were allowed by the Court for voting purposes only, on the ground that the Tort Reform Statutes cited by the objecting creditors were procedural and not substantive in nature.

The Appellants suggest that the holding in Quigley would permit the bankruptcy court to allow a claim which is not enforceable under State law (Appellants' Brief, p. 25).  However, the Appellants fail to recognize the distinction between a claim and a right to recover from the Debtor's Estate.   In fact, the Quigley Court specifically stated that although the "claim" may be allowed for voting purposes, each individual personal injury claimant in that matter would still have to prove his claim according to applicable state law in order to receive a distribution. Id., 383 B.R. at 20-21.

Here, N.Y. Bus. Corp. Law §513(a) specifically precludes a recovery to the Appellants in this case.  While it has never been contested that the Appellants have a

-12-

"claim" within the meaning of 11 U.S.C. §101(5), that claim must be disallowed under 11 U.S.C. §502(b)(1) and N.Y. Bus. Corp. Law §513(a).  Applying the Appellants' interpretation of the <u>Quigley</u> and <u>Grady</u> cases would effectively vitiate 11 U.S.C. §502(b)(1) and N.Y. Bus. Corp. Law §513.

Rather, as stated by the U.S. Supreme Court, "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." <u>Raleigh v. Illinois Dep't of Revenue</u>, 530 U.S. 15, 20 (2000).  Thus, while a creditor may have a "claim" against a debtor's estate, it is another matter whether that creditor may enforce that claim or is entitled to receive a distribution from the debtor's estate.  <u>See</u> <u>Sorensen v. Drexel Burnham Lambert Group</u>, <u>supra</u>.

Applying these principals to this matter, it is clear that the Appellants' claim would be disallowed pursuant to 11 U.S.C. §502(b)(1) as the Redemption Agreement and Note upon which they are based are unenforceable pursuant to N.Y. Bus. Corp. §513(a).

The other cases cited by the Appellants in support of their claim that the Bankrutpcy Court may disregard New York State Law in determining whether the Appellants have an allowable claim are similarly unavailing.  For example, in <u>Peoples' Democratic Republic of Yeman v. Good Pasture, Inc.</u>, 782 F.2d 346 (2d Cir. 1986), the Court held that the plaintiff did not have a valid indemnification claim because the

-13-

cause of action was, in actuality, a claim for breach of contract, which was barred by the statute of limitations.

The cases cited by Appellants establish nothing more than that a claim for indemnification would be considered a pre-petition claim. While these cases may establish the law on the classification of an unliquidated or unmatured indemnification claim as pre-petition or post-petition for the purposes of distribution from the debtor's estate, they are not controlling here, as in each of the cases cited, the Courts were asked to consider indemnification based upon a valid, enforceable agreement.

The Appellants suggest that based on the holdings in the case law cited by them, the Court should have found that their claim for indemnification should have been imputed back to the date the agreement was signed. The Appellants then argue that since the Debtor was purportedly solvent at the time the Redemption Agreement and Note were executed, N.Y. Bus. Corp. Law §513(a) is not applicable and the claims for indemnification are enforceable.

However, using the Appellants' logic, the result would be that if a redemption agreement were executed when the corporation was solvent, then any payments flowing from that redemption agreement may be enforced regardless of the corporation's later insolvency. For example, using the Appellants' logic, any creditor with a claim arising out of a redemption agreement, including payment of monies for the redemption of stock, would be able to argue that since the agreement was valid when it was executed then they have a valid pre-petition claim even though the debtor

-14-

corporation is insolvent at the time the creditor seeks to impose its claim.  Such a

holding would undermine not only N.Y. Bus. Corp. Law §513(a), but also the myriad of

other state's statutes which provide that an insolvent corporation is prohibited from

performing under a redemption agreement.

In fact, the Appellants acknowledged in their "Response in Opposition to the

Trustee's Supplemental Affirmation in Support of his Motion to Dismiss the Abore

Defendants' Counterclaims" that in order for a corporation to establish that a

redemption agreement is unenforceable "[i]t must be demonstrated, by the Trustee, for

the purposes of BCL 513(a) that the Debtor lacked the necessary surplus 'at the time

payments were to be made.' Nakano v. Nakano McGlone [Nightingale] Advertising,

Inc., 84 Misc.2d 905, 908 (Sup. Ct. N.Y. Co. 1975)." [Designation of Record, No. 36, Page

4; Designation of Record, No. 39.]  It has been unequivocally established that the Debtor

was insolvent both at the time the Appellants sought indemnification pursuant to the

provisions of the Redemption Agreement and Note and at the time the attorney's fees

and expenses sought to be recovered were incurred.  Consequently, applying New York

law as cited by the Appellants, the Appellants' claim for indemnification is

unenforceable pursuant to N.Y. Bus. Corp. Law §513(a) and must be disallowed

pursuant to 11 U.S.C. §502(b).

Indemnification for attorneys' fees as provided for in a pre-petition contract are

recoverable only "so long as they are not prohibited by one of the enumerated

exceptions [under] 11 U.S.C. §§ 502(b)."  Blair v. Bank One, N.A., 307 B.R. 906, 911 (N.D.

-15-

Ill. 2004).  In this matter, the agreements under which Appellants seek indemnification fall under one of the exceptions of 11 U.S.C. §502(b), to wit: the agreements are unenforceable pursuant to applicable State law.  Consequently, the Appellants' claims for indemnification  must be disallowed pursuant to 11 U.S.C. §502(b)(1) on the ground that the Redemption Agreement and Note upon which the indemnification claims are based are unenforceable pursuant to N.Y. Bus. Corp. Law §513(a).

**C.      The Agreements Do Not Contemplate**
**Indemnification of Attorney's Fees for the Matters**
**For Which the Appellants Have Sought Recovery**

Even assuming, *arguendo*, that the Redemption Agreement and Note were enforceable against the Debtor, the Appellants claims must still be disallowed because the indemnification provisions contained in the Redemption Agreement and Note do not contemplate indemnification for attorney's fees with regard to the Textron Action.

It is well-settled law that "[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed."  Hooper Associates, Ltd. v. AGS Computers, Inc., 74 N.Y.2d 487, 491 (N.Y. 1989); Bonnie & Co. Fashions v. Bankers Trust Co., 955 F. Supp. 203, 218 (S.D.N.Y. 1997).

The language of the indemnification provisions of the Redemption Agreement and Note specify the circumstances under with the Debtor is obligated to indemnify the Appellants for attorneys' fees.  Specifically, the Redemption Agreement provides that the Debtor would be liable to indemnify Appellants as a result of any breach of warranty, nonfulfillment or misrepresentation contained in the agreement and in a

single litigation named therein, (the Martinez Case).  Similarly, the Note states that indemnification, including attorneys' fees, shall flow from expenses incurred by the holder for <u>collection</u> of payments due under the Note, or in any proceedings "which in any way materially and adversely affects the exercise by the holder [of the Note] of its rights and remedies under this Note."

The Appellants' First Counterclaim seeks indemnification for attorneys' fees expended in connection with the Textron Action.  The Textron Action was brought to recover monies due to Textron under certain agreements with the Debtor, and the Abores were named as defendants in their capacity as alleged guarantors.  Since the Textron Action had nothing to do with any collection of payments due under the Note, nor does the Textron Action affect any of the Appellants' rights and remedies under the Note or Redemption Agreement, the Appellants' cannot recover their attorneys' fees expended in the Textron Action from the Debtor under the indemnification agreements.

When an indemnification provision in an agreement does not encompass the litigation for which a party seeks indemnification for legal fees, the claim for indemnification must be dismissed.  <u>Bonnie & Co. Fashions v. Bankers Trust Co.</u>, <u>supra</u>.

## CONCLUSION

The Bankruptcy Court was correct in dismissing the Appellants' First and Third Counterclaims for indemnification.  While claims for indemnification are allowable in

[BALANCE OF PAGE LEFT INTENTIONALLY BLANK]

bankruptcy, when, as here, the agreement upon which the indemnification claims are

based is unenforceable pursuant to State law, the claims must be disallowed.

Dated: East Meadow, New York
   September 25, 2008

       Respectfully submitted,
       THALER & GERTLER, LLP
       Attorneys for Andrew M. Thaler, Esq.,
       Trustee Of The Estate Of Poseidon
       Pool & Spa Recreational, Inc., Appellee


       ____/s/_____
       Andrew M. Thaler (AMT - 3081)
       90 Merrick Avenue, Suite 400
       East Meadow, New York 11554
       (516) 228-3553
       thaler@thalergertler.com

W:\Clients A-Z\Clients O-S\Poseidon Pool & Spa\Abore\Appeal\Appellee Brief.wpd