UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re

POSEIDON POOL & SPA
RECREATIONAL, INC.,

       Debtor.
------------------------------------------------------------------x
ANDREW M. THALER, Trustee,
Estate of POSEIDON POOL & SPA
RECREATIONAL, INC.,           U.S.D.C.
                      Case No.: 08CV3418(ADS)

         Plaintiff-Appellee,

 - against -

                      U.S. Bankruptcy Court
ESTATE OF VINCENT J. ARBORE, Deceased,   Case No.: 8-06-08222-dte
DIANE ARBORE, in her capacity as Executrix
of the Estate of Vincent J. Arbore,
DIANE ARBORE, ANN ARBORE,
PETER ARBORE, JAYVIN ARBORE,
ALLISON ARBORE, MICHAEL ARBORE,
KATHERINE ARBORE, ALAN ARBORE,
JAMES ARBORE, ROSA DINICOLO, and
RITA CANNILLO,

         Defendants-Appellants.
------------------------------------------------------------------x

## REPLY BRIEF OF DEFENDANTS-APPELLANTS

JASPAN SCHLESINGER HOFFMAN LLP
*Attorneys for Defendants-Appellants*
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000

**PRELIMINARY STATEMENT**

This brief is submitted in reply to the Trustee's (Plaintiff-Appellee) Brief on Appeal, pursuant to Federal Bankruptcy Rules and Procedure (the "Bankruptcy Rues"), Rule 8009(a)(3), by Jaspan Schlesinger Hoffman LLP ("JSH"), counsel for the named Arbore defendants (the "Defendants" or "Appellants").

**ARGUMENT**

**A**

**THE GLARING AND FATAL OMISSION, BY THE TRUSTEE, OF THE REASON WHY THE COURT BELOW FOUND THE REDEMPTION AGREEMENT AND NOTE UNENFORCEABLE, PURSUANT TO THE PROVISIONS OF N.Y. BUSINESS CORP. LAW §513(A), DOOMS HIS ARGUMENT**

The Trustee, in his Brief on Appeal, (Brief p. 7) slyly fails to explain the underpinning for the Bankruptcy Court's errant decision finding the Agreement and Note unenforceable under the terms of BCL §512(a) as of the date of the Debtor's Chapter 11 filing.  But let the Court speak for itself:

> "Unlike the *Travelers* case, the Defendants' counterclaims for indemnification for attorneys' fees and costs that arose during the post-petition period would be disallowed under 11 U.S.C. §502(b)(1) because such claims would be unenforceable against the Debtor as a result of N.Y. Bus. Corp. Law §513(a)…<u>because these attorneys' fees and costs arose post-petition and the indemnification provisions in the Note, Redemption Agreement are unenforceable with respect to the Debtor for the post-petition period under N.Y. Bus. Corp. §513(a), the Defendants' counterclaims for contractual indemnification of attorneys' fees and costs must also fail.</u>" In re Poseidon Pool & Spa Recreational, Inc., 391 B.R. 234, 245 (Bankr. E.D.N.Y., 2008) ("Poseidon Decision") (emphasis supplied except, "Travelers", which is emphasized in the text).

The Court's error is manifest because the indemnification provisions of the Note and Redemption Agreement are, even as the Trustee, at last, now recognizes (Trustee Brief, p. 11), pre-petition contingent claims and do not arise post-petition.

Indeed, both the Court and the Trustee also understand that BCL §513(a) does not denounce pre-petition claims unless it can be demonstrated that a particular payment or distribution, under the Agreement and Note, were made, pre-petition while the Debtor was insolvent.

As the Court below stated:

> "This finding of [post-petition] insolvency, however, <u>does</u> <u>not</u> <u>apply</u> <u>to</u> <u>the</u> <u>pre-petition</u> <u>period</u>. A genuine issue of fact conserving the Debtor's insolvency when payments were made under the Redemption Agreement and Note still exists. The Trustee must still demonstrate that the Debtor was insolvent at the time of the <u>pre-petition</u> transfers under the Note and Redemption Agreement for any recovery of those pre-petition payments." <u>Id</u>. at 243 (emphasis supplied) (<u>See</u> <u>also</u> Trustee's Brief on appeal, p. 7, n.1).

Accordingly, it is now understandable that the insolvency of the Debtor, when it filed its Chapter 11 petition, triggers the application of BCL §513(a) only with respect to post-petition payments or distributions. All other claims and payments made or owed by the Debtor to Defendants are pre-petition and not denounced by BCL §513(a) unless and until the Debtor was demonstrably insolvent at the time of the pre-petition payments under the Note and Redemption Agreement. Thus, Defendants' indemnification claims are viable and assertable against the Trustee in his Bankruptcy Fraudulent Conveyance Adversary Proceeding[1]

---

[1] This explains and accounts for the irrelevancy of the Trustee's citations, for example, of <u>In</u> <u>re</u> <u>Vista Eyecare, Inc.</u>, 283 B.R. 613 (Bankr. N.D. Ga. 2002) and <u>Deutsche Bank A.G. London Branch v. World Com., Inc.</u>, 357 B.R. 223 (S.D.N.Y. 2006). Both those cases stand for the unsurprising principle that an insolvent corporation may not make a proposed or actual distribution. But, in the instant case, no distribution was or proposed to be made post-petition during Debtor's insolvency.

**B**

**THE INDEMNIFICATION PROVISIONS IN THE REDEMPTION AGREEMENT AND PROMISSORY NOTE ARE PRESENTLY ENFORCEABLE UNDER "APPLICABLE" LAW**

There is no dispute that state law, here, New York law, has recognized enforcement of indemnity actions that both indemnify against loss and liability.  Pfizer, Inc. v. Stryker Corp., 348 F. Supp. 2d 131, 150 (S.D.N.Y. 2004) (citations omitted).  In particular, New York Courts have upheld a Purchase Agreement which unambiguously, as here, obliges reimbursement for attorneys' fees and provides for indemnification for cost of litigation between the parties".  Id. at 145 (citations omitted).

The Trustee nevertheless argues that Defendants' pre-petition claims for indemnification are not allowable under the terms of Bankruptcy Code §502(b)(1).

We have previously demonstrated that the pre-petition indemnification claims here are not barred by BCL §513(a) and are indeed, as the Trustee now contends, preserved subject to his demonstration of pre-petition insolvency at the time pre-petition payments have been made under the Note and Agreement by the Debtor to Defendants.

Accordingly, the Trustee's resort to Bankruptcy Code §502(b)(1) is unavailing since, with respect to pre-petition distribution and claims, BCL §513(a), presently is not enforceable against Defendants with respect to their pre-petition indemnification claims.

**CONCLUSION**

For all of the reasons set forth herein and in our Brief on Appeal, the Decision-Order of the Bankruptcy Court should, in all respects, be reversed, as a matter of law.

Dated: Garden City, New York
October 6, 2008

                                                 Respectfully submitted,

                                                 JASPAN SCHLESINGER HOFFMAN LLP
                                                 *Attorneys for Arbore Defendants-Appellants*

By:     /s/Joel Lewittes_____
           Joel Lewittes (JL-65756)
           Of Counsel to the Firm
           300 Garden City Plaza
           Garden City, New York 11530
           (516) 746-8000